Territorial Law Library

FILED
COURT
2013 JUL 10 AM 10: 43
OF COURT

## IN THE SUPERIOR COURT OF GUAM

KAMLESH K. HEMLANI, individually and derivatively in the name of and on behalf of RADHI PURAN TRUST,

Plaintiff,

vs.

RADHI P. HEMLANI, MANU MELWANI, JETHMAL K. MELWANI, ISHWAR P. HEMLANI, RADHI'S FOUNDATION, RADHI PURAN TRUST, PACIFIC AMERICAN TITLE INSURANCE & ESCROW COMPANY, VASUDEV B. HEMLANI, P.D. HEMLANI FOUNDATION, LTD. and DOES 1-100,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL CASE NO. CV0758-12

**DECISION AND ORDER ON JOINT MOTION TO DISMISS**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on December 17, 2012 on Defendants' Motion to Dismiss. Plaintiff Kamlesh Hemlani is represented by Thomas M. Tarpley, Jr. Defendant Radhi's Foundation is represented by Attorney Jeffrey A. Cook. Defendants Manu Melwani, Jethmal Melwani, Ishwar Hemlani, and Pacific American Title Insurance & Escrow Company are represented by Attorney Bill R. Mann. Defendants Radhi Hemlani and Radhi Puran Trust are represented by Attorney Elyze M. Iriarte. Defendants Vasudev and P.D. Hemlani Foundation, LTD. are represented by Attorney Rodney J. Jacob. After a Hearing, the Court took motions under advisement. The Court now issues its Decision and Order.



## BACKGROUND

On June 25, 2012, Plaintiff Kamlesh Hemlani filed his Verified Complaint with the Court. He seeks, *inter alia*, a declaration of the Court that Defendant Radhi Hemlani, settlor and trustee of the Radhi Puran Trust, is incapacitated. *See Complaint* p.34 ¶ 6. Additionally, he seeks for this Court remove her as trustee and name him trustee as he has already been designated as co-successor trustee. *See Id.* ¶ 7.

On August 14, 2012, Defendants Radhi Puran Trust, Radhi's Foundation, Manu Melwani, Jethmal Melwani, Ishwar Hemlani, and Pacific American Title Insurance filed their Motion to Dismiss pursuant to Guam Rule of Civil Procedure 12(b)(1) and (6). On November 28, 2012, Defendant Radhi Hemlani joined in the motion. On November 30, 2012, Defendants P.D. Hemlani Foundation and Vasudev Hemlani joined in the motion.

Defendants argue that Plaintiff lacks standing to prosecute this action. They acknowledge Plaintiff's status as successor co-trustee to the Radhi Puran Trust as set forth in a 1998 amendment to the Trust. *See Complaint* Ex. 7. However, they deny that the conditions for Plaintiff to be named trustee have not been satisfied.

Further, Defendants have pointed out that there is an ongoing guardianship case involving Radhi Hemlani in another Court. Those proceedings, captioned SP0195-11, involve Radhi Hemlani's alleged incapacity. This Court is not privy to the details in those proceedings, as they have been sealed by that Judge.

Plaintiff filed his Opposition to the motion on December 3, 2012. In it, he contends he does have standing based on the finding of the Guardianship Court's appointment of the Public Guardian to oversee the Trust and the Estate of Radhi Hemlani. He argues that Court has made a finding as to incapacity due to that Court's appointment of the Public Guardian.

Defendants filed their respective replies on December 10, 2012. They stress there has been no such finding as to incapacity in the Guardianship Court and reiterate Plaintiff's lack of standing.

## DISCUSSION

### I. Legal Standard.

Defendants bring their Motion to Dismiss pursuant to Rule 12(b)(1) and (6) of the Guam Rules of Civil Procedure, alleging Plaintiff's lack of standing deprives the court of jurisdiction over the matter and that Plaintiff has failed to state a claim upon which relief can be granted. *See* Guam R. Civ. P. 12(b). Parties have brought material outside of the pleadings for the Court's consideration. When matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. Guam R. Civ. P. 12(c).

In considering a motion for summary judgment, this Court "must draw inferences and view the evidence in a light most favorable to the non-moving party." Bank of Guam v. Flores, 2004 Guam 25 ¶ 7. Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id*. at ¶ 8 (quoting Guam R. Civ. P. 56(c)).

### II. Standing Analysis.

Standing is a "threshold jurisdictional matter," and as such, this issue can be raised "at any stage of the proceedings. Taitano v. Lujan, 2005 Guam 26 ¶ 15. When a party lacks standing, a Court lacks jurisdiction to hear a claim. See Benavente v. Taitano, 2006 Guam 15 ¶ 14. The Supreme Court of Guam has adopted traditional standing requirements. Guam Mem'l Hosp. Auth. v. Superior Court, 2012 Guam 17 ¶ 9. To establish constitutional standing, a party must show:

> (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;
> (2) the injury is fairly traceable to the challenged action of the defendant; and
> (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Pia Marine Homeowners Ass'n v. Kinoshita Corp. Guam, Inc., 2013 Guam 6 ¶ 16.

The first element of common-law standing is injury in fact. As stated above, an injury in fact must be concrete, particularized, and actual or imminent; it cannot be purely conjectural or hypothetical. Guam Mem'l Hosp. Auth. v. Superior Court, 2012 Guam 17 ¶ 12 (citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180 (2000); O'Shea v. Littleton, 414 U.S. 488, 495–96 (1974)).

Plaintiff's basis for standing here is that he is the successor co-trustee to the Radhi Puran Trust. Under the First Amendment to the Radhi Puran Trust, the initial co-trustees are P.D. Hemlani and Radhi P. Hemlani. *See Complaint* Ex. 7 p.1. By the amendment's terms:

> Upon the death, resignation, removal or incapacity of either of the INITIAL CO-TRUSTEES, the remaining INITIAL CO-TRUSTEE shall serve as sole TRUSTEE, and, upon the death, resignation, removal or incapacity of the other INITIAL CO-TRUSTEE, KAMLESH K. HEMLANI, ISHWAR P. HEMLANI and VASDEV B. HEMLANI are appointed SUCCESSOR CO-TRUSTEES.

*Id.* p.2. The Trust's initial co-trustee P.D. Hemlani passed away on March 12, 2004. Complaint ¶ 13. Under the Trust's provisions, Radhi Hemlani currently serves as sole trustee. Plaintiff argues that because the Public Guardian has been appointed, the Guardianship Court has made a finding that Radhi Hemlani is incapacitated and otherwise been removed.

The trust defines "incapacity" as having the same meaning as that set forth in 15 G.C.A. § 3801. *Complaint* Ex.6 p.VIII-1, 8.01(F). "The phrase *incompetent person, incompetent* or *mentally incompetent,* shall be construed to mean or refer to any person, whether insane or not, who by reason of old age, disease, weakness of mind or other cause, is unable, unassisted, properly to manage and take care of himself or his property, and by reason thereof is likely to be deceived or imposed upon by artful or designing persons." 15 G.C.A. § 3801.

Plaintiff contends that an appointment of the Public Guardian could not have taken place without a finding of insanity or incompetence by the Court. This Court will neither speculate as to factual matters not before it, nor will it subvert ongoing

proceedings properly before another Court. The record before this Court shows no such finding by the Guardianship Court.

Further, under the trust provisions, a determination of any person's incapacity shall be made either by an adjudication by a court of competent jurisdiction that such person is an incapacitated person, or delivery to the trustee of a written instrument signed by any two physicians, one of whom is currently attending such person, stating that, by reason of such person's mental or physical condition, such person is incapable of managing his or her business affairs. *Complaint* Ex.6 p.VIII-1, 8.01(F). Neither of these conditions have been satisfied.

Thus, there having been no death, resignation, removal or incapacity as to trustee Radhi Hemlani, she remains the sole trustee to the Radhi Puran Trust; and so she shall remain unless and until one of the conditions provided for in the trust instruments is satisfied. Until that time, Plaintiff Kamlesh Hemlani continues in his status as successor co-trustee.

As a successor co-trustee for the duration of Radhi Hemlani's term as sole trustee, Plaintiff enjoys no powers, liabilities, or privileges under the Trust. His current status under the Radhi Puran Trust could best be termed a mere expectation. As such, this Court does not recognize any "injury in fact." Plaintiff's purported injuries and perceived authority to sue are neither concrete nor particularized and are conjectural or hypothetical.

There being no injury in fact, Plaintiff fails on the first prong of the standing analysis. There is no need to consider the remaining two. This Court is cognizant that the Trust's successor provisions may be triggered if one of the stated conditions transpires; interspersed with the issue of Plaintiff's standing is the issue of ripeness.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is hereby **GRANTED**. Because of the circumstances surrounding this case, dismissal is granted without prejudice.

It is **SO ORDERED** this 9th day of July, 2013.

Original Signed By:
Hon. Alberto C. Lamorena III

_____

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.

JUL 1 0 2013

Esther L.S. Pinaula
Deputy Clerk, Superior Court of Guam